UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1,<br><br>  Plaintiff,<br><br>  v.<br><br>DIGBY'S DETECTIVE AND SECURITY AGENCY, INC.,<br><br>  Defendant. | No. 08 C 5544<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I.  Background**

In 2008, Plaintiff, Service Employees International Union Local 1 ("Local 1"), filed a complaint against Defendant, Digby's Detective and Security Agency, Inc. ("Digby's"), for breach of a Collective Bargaining Agreement.  This matter comes before the court on Digby's motion for summary judgment, which argues that Local 1's breach of contract claim is barred by the doctrine of res judicata.  For the reasons explained below, I grant Defendant's motion for summary judgment in its entirety.

**II.  Standard of Review**

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits" indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of establishing that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party sets forth the basis for summary judgment, the non-moving party must offer specific

material facts showing that there is a genuine issue for trial. *Id.* at 323-24; *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). The non-moving party's material facts must affect the outcome of the suit, *Insolia*, 216 F.3d at 598-99, and cannot consist of "[c]onclusory allegations" or rest on mere pleadings alone, *Payne v. Pauley*, 337 F.3d 767, 733 (7th Cir. 2003). I must conduct this determination by construing the facts in a light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001).

### III. Statement of Relevant Facts

Plaintiff, Local 1, is a labor organization in Chicago, Illinois that represents the interests of security officers. As part of a Collective Bargaining Agreement between certain employers and Local 1, the employers pay contributions to the Local 25 Service Employees International Union Welfare Fund and Local 25 Service Employees International Union Participating Employers Pension Trust ("Trust"), and Local 1 represents the employers' workers for collective bargaining purposes. Defendant, Digby's, is an employer bound by the Collective Bargaining Agreement.

Under the provisions of the Collective Bargaining Agreement, Digby's was required to contribute monthly payments to the fund based on the number of hours its security officers worked. Article XI of the Collective Bargaining Agreement provides that any grievances not settled by the parties and not decided by a unanimous decision by the Joint Arbitration Board may be appealed for arbitration. Throughout the period of the agreement, the Trust suspected

that Digby's repeatedly failed to submit accurate contribution reports and the required Fund payments.

In 2006, the Trust filed a suit in federal court in this district ("Suit I") to recover Digby's unpaid contributions for the period September 9, 2005, to December 9, 2005, for work performed at Chicago Public Libraries. The Trust was the only named plaintiff in Suit I and the suit did not mention the period at issue in this case, July 1, 2004, to December 31, 2004. The 2006 suit proceeded to a bench trial on April 22, 2008, where Judge Pallmeyer found in favor of the Trust in the amount of $37,618.19, including liquidated damages and attorneys' fees. Digby's paid the full amount of the judgment, and the Trust filed a Satisfaction of Judgment on August 7, 2008.

A hearing was held before an arbitrator on March 21, 2007, pursuant to Article XI, where Local I complained of additional unpaid contributions for the period July 1, 2004, through December 31, 2004 for work performed by Digby's security guards at Chicago Housing Authority facilities. The arbitrator issued his decision on June 11, 2007, ordering Digby's to make all unpaid contributions from the 2004 period. Digby's refused to make the payments.

On September 29, 2008, Plaintiff filed the current action against Defendant before this court, seeking recovery for unpaid contributions for the 2004 period. Plaintiff alleges that jurisdiction is based on ERISA and § 301 of the Taft-Hartley Act (29 U.S.C. §§ 185 and 1337). Count I seeks recovery for the unpaid months in 2004, plus interest, liquidated damages, and attorneys' fees.

## IV. Discussion

Defendant moves for summary judgment, arguing Suit I has a res judicata effect on Plaintiff's pending breach of contract claim. Defendant contends that Count I is based on its

breach of the Collective Bargaining Agreement between Digby's and Local 1, which was also the basis for Suit I.  Because Suit I involved a party with the same interests as Local I and the cause of action in both suits is the same, Defendant argues that Plaintiff should be barred from bringing the present action.  Because I find that res judicata bars Plaintiff's claim, I grant Defendant's motion for summary judgment.

Under the doctrine of res judicata, a final judgment on the merits bars subsequent claims by parties or their privies based on the same cause of action.  *Ross v. Bd. of Educ.*, 486 F.3d 279, 282 (7th Cir. 2007) (citing *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876); *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955)).  The Seventh Circuit requires a party asserting claim preclusion to establish three elements: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002).  If these three elements are met, then res judicata "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (citing *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)).  Plaintiff asserts that Defendant has not established that the present claim is barred by res judicata because Defendant has not satisfied the first and second requirements.  I address each of these contentions in turn.

**A.**     **Local 1 and the Trust are in privity for purposes of res judicata.**

Plaintiff argues that it was not a party in Suit I and is not in privity with the Trust, the plaintiff in Suit I.  "[T]he doctrine of res judicata applies to and is binding, not only on actual parties to the litigations, but also to those who are in privity with them." *Anchor Glass Container*

*Corp. v. Buschmeier*, 426 F.3d 872 (7th Cir. 2005). Parties are in privity for purposes of res judicata when "there is commonality of interest between the two entities" and they "sufficiently represent" each other's interests in a legal dispute. *Studio Art Theatre v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996) (quoting *Tofany v. NBS Imaging Sys., Inc.*, 597 N.E.2d 23, 29 (Ind. Ct. App. 1992)). Courts apply a "functional approach" to determine whether parties are in privity, "focusing on the general question whether the earlier parties were in some sense proper agents for the later parties," to justify binding the result for the first party to the second party. *See Tice v. American Airlines*, 162 F.3d 966, 971-72 (7th Cir. 1998).

One factor that courts consider when determining privity is whether the parties in the two suits could be exchanged for one another, with their interests remaining sufficiently represented. *See Studio Art Theatre*, 76 F.3d at 131. In *Studio Art Theatre v. City of Evansville*, the Seventh Circuit determined that the president of a company was in privity with his company when the president, the party in the first suit, was originally named as the defendant in the second suit and faced identical charges to the company, the ultimate defendant in the second suit. *Id*. Because there was a "clear 'congruence' of legal issues" and the parties were readily interchangeable, the court determined that the parties were in privity for purposes of res judicata. *Id*.

As in *Studio Art Theatre*, the plaintiff here is in privity with the Trust because both parties attempted to bring the present action, indicating that they "sufficiently represent" one another's interests. Before bringing Suit I in 2006, the Trust submitted a demand to Digby's through its counsel for fund contributions for the period July 1, 2004, through December 31, 2004, the same period claimed in this dispute, although this matter ultimately was excluded from Suit I. Following Suit I, Local 1 then substituted itself for the Trust by bringing the present

5

claim. That both parties were in a position to bring this claim indicates that they share the same legal interests. *See Studio Art Theatre*, 76 F.3d at 131.

Further, Plaintiff is in privity with the Trust because, while the two are "nominally different, the legal effect of any judgment will be that the defendant will have to pay the monies to the Trust." *See Chicago Dist. Council of Carpenters Pension Fund v. Pientka*, No. 84 C 6307, 1985 WL 2320, at *5 (N.D. Ill. Aug. 8, 1985). The amounts recovered in Suit I were for delinquent payments to the Trust. And any recovery in the present suit would also benefit the Trust, regardless of whether the suit is brought by Local 1 or the Trust, because the payments would go directly to the Trust to compensate it for delinquent payments. *See id*.

Plaintiff attempts to distinguish *Pientka*, arguing that the Trust was not a party in the present suit and that trust funds and unions do not represent the same interests. Plaintiff's first argument is without merit as *Pientka* indicates that courts apply a functional approach to determine privity and recognize that "parties nominally different may be in legal effect, the same." *See Pientka*, 1985 WL 2320, at *5 (quoting *Chicago R.I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 620 (1926)). As discussed above, because the Trust would benefit from a recovery, regardless of which party brought the suit, the parties have common interests for purposes of res judicata.

Plaintiff's second argument, that unions do not represent the same interests as trust funds, is also without merit. Plaintiff relies on *Dugan v. Quanstrom*, an unreported case suggesting that "caselaw subsequent to *Pientk*a makes clear that a union does not represent the same interests as a trust fund." No. 03 C 0254, 2004 WL 407024, at *3 (N.D. Ill. Jan. 29, 2004). In *Dugan*, the trust brought a claim against the defendant employer for failure to make contributions according

6

to a collective bargaining agreement following the union's previous claim against the employer in district court. *Id*. at *3. The court determined that the subsequent claim was barred by res judicata because the trust and union represented different interests; whereas the trust had an interest in enforcing employer contributions, the union had an interest in assigning workers to jobs. *Id.* at *10-12. Although *Dugan* correctly asserts that unions and trusts do not have the same interests in all contexts, it does not follow that the two entities *necessarily* have a divergence of interests. Here, it is apparent that the trust and union have the same legal interest based on a "functional approach" to privity: both are attempting to enforce employer contributions. Unlike *Dugan*, the union has already indicated in the first suit that its interest is related to obtaining employer contributions, as Suit I resulted in the payment of delinquent fees. Thus, Plaintiff cannot establish that it is a distinct party from the Trust for purposes of res judicata.

**B.     Suit I and the present action are based on the same material facts**.

Plaintiff asserts that Suit I and the present matter do not include the same causes of action, as Suit I sought recovery for delinquent payments for the period September 2005 through December 2005, whereas the current suit seeks recovery for unpaid contributions for the period July 2004 through December 2004. Courts find an identity of the causes of action if the claims arise from the "same core of operative facts," which includes "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *See Cole v Bd. of Trs.*, 497 F.3d 770, 772-73 (7th Cir. 2007) (internal quotations omitted). A plaintiff who splits his claims into multiple suits "impair[s] judicial economy and

7

would effectively defeat the public policy underlying res judicata." *Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008).

Although Plaintiff correctly asserts that it is seeking recovery for two distinct periods, it fails to recognize that the delinquent payments during both periods were based on a single contract, the Collective Bargaining Agreement, which constitutes one set of facts. "It has often been held that breach of a single indivisible contract gives rise to only one claim," *Pientka*, 1985 WL 2320, at *3 (citing *Gasbarra v. Park-Ohio Industries, Inc.*, 655 F.2d 119, 121 (7th Cir. 1981)), with the divisibility of contract turning on "whether the parties gove [sic] a single agreement to the whole transaction or did they agree to do several separate things." *Id*. Here, like in *Pientka*, there is nothing in the record indicating that the parties intended each monthly payment to constitute a distinct contract. Because the parties agreed to a whole transaction, Suit I should have included "all unpaid installments due at the time suit [was] brought." *See id.*

Moreover, "a final judgment embraces all matters which might have been raised in litigation," even if the plaintiff ultimately failed to file such claims. *See Pientka*, 1985 WL 2320, at *3; *see also Local 25 S.E.I.U. Welfare Fund v. Great Lakes Maint. and Security Corp.*, 55 Fed. Appx. 373, 375 (7th Cir. 2002). This rule is meant to "protect defendants and the courts from a multiplicity of suits arising from the same cause of action." *Pientka*, at *3 (citing *Gasbarra*, 655 F.2d at 121). Here, the present suit could have been included in Suit I, as both claims arose from the same contract and the present suit involves a period of delinquent payments that occurred prior to the claimed period in Suit I. The Fund necessarily knew of the 2004 delinquent payments when filing the first suit and could have raised this claim then. Accordingly, Local 1 cannot bring the same cause of action in this subsequent suit when it has

8

already had its day in court. This result is, in my view, an unfortunate by-product of the manner in which litigation of claims for contribution was managed, but I conclude Defendant is right on the law.

## V.     Conclusion

For the foregoing reasons, I grant Defendant's motion for summary judgment because the doctrine of res judicata bars Plaintiff's claim.

ENTER:

_____
James B. Zagel
United States District Judge

DATE:  March 18, 2009